IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 17-cv-01309-RBJ

JIMMY B. PACHECO,

    Plaintiff,

v.

SPARTA INSURANCE COMPANY, a Connecticut corporation,

    Garnishee/Defendant.

---

Consolidated Civil Action No. 17-cv-01511-RBJ

SPARTA INSURANCE COMPANY,

    Plaintiff,

v.

JIMMY PACHECO,
US TRANSPORT, INC., and
BEGAY BEMEU,

    Defendants.

---

### ORDER on MOTION TO JOIN AND REMAND

The case is before the Court on plaintiff's "Motion to Join Defendants Begay Bemeu and U.S. Transport & Logistics LLC; and for Remand to State Court." ECF No. 15. The motion is directed only to case 17-cv-1309-RBJ. The motion is denied for the reasons discussed in this order.

**BACKGROUND**

This is an insurance coverage dispute arising out of two motor vehicle accidents and a personal injury lawsuit that was litigated in state court.

The Underlying Case.

On February 13, 2017 Jimmy Pacheco was sitting in his car which was temporarily stopped on Interstate Highway 70 in Eagle County, Colorado (or its shoulder) due to an accident on the road ahead when a truck driven by Walter J. Little, Jr. crashed into the rear of Mr. Pacheco's car and injured him. Mr. Pacheco sued Mr. Little and the owner of Little's vehicle, Colorado Petroleum Corporation, in the Denver District Court. Shortly after filing suit, however, Mr. Pacheco amended his complaint to name three other individuals, including one Begay Bemeu, as additional defendants.[1] They apparently were the people involved in the accident that resulted in Mr. Pacheco's stop.

At the time of the accidents Mr. Bemeu was an employee of a company variously referred to in the pleadings as US Transport, Inc. or US Transport and Logistics LLC and in this order simply as US Transport. It is not disputed that Mr. Bemeu was acting within the scope and course of his employment when the accidents took place. However, US Transport was not joined as a defendant. Mr. Bemeu was served with the amended complaint but did not respond. A default was entered against him, and he did not appear for the February 2017 trial. Ultimately, the jury assigned 20% of the fault to him. On April 4, 2017 the court entered judgment, including prejudgment interest, against Mr. Bemeu in the amount of $304,976.13.

Case No. 17-cv-1309-RBJ.

---

[1] During the initial scheduling conference in the present consolidated cases on September 27, 2017 counsel for US Transport informed the Court that the man's name was actually Bergell Begay, and that an erroneous police report was the origin of the name Begay Bemeu. For present purposes, however, I will use the name that has been used so far in both the state and federal litigation to avoid confusion.

Shortly after the judgment was entered against Mr. Bemeu, Mr. Pacheco served a writ of garnishment on Sparta Insurance Company. Sparta had issued a liability insurance policy to US Transport. On May 30, 2017 Sparta filed a notice of removal of the garnishment action to federal court, asserting both diversity of citizenship and federal question jurisdiction. ECF No. 1. On June 30, 2017 Mr. Pacheco filed the pending motion to remand the case to state court. ECF No. 15.

Case No. 17-cv-1511-RBJ.

On June 21, 2017 Sparta filed a separate federal lawsuit against Mr. Pacheco, Mr. Bemeu and US Transport seeking a declaratory judgment that it has no liability for Mr. Pacheco's judgment against Mr. Bemeu in the underlying case. Jurisdiction was asserted based on diversity of citizenship and federal question grounds. ECF No. 1 in no. 17-cv-1511-RBJ at 2. Sparta then filed a motion in case no. 17-cv-1309 to consolidate the declaratory judgment action with the garnishment action. ECF No. 25 in 17-cv-1309-RBJ. Sparta reported that plaintiff did not oppose consolidation but did oppose consolidation into no. 17-cv-1309. *Id.* at 25. This meant that plaintiff did not oppose consolidation so long as the case was consolidated into no. 17-cv-1511. However, the practice in this district is to consolidate into the first filed case. Accordingly, that was done without further briefing by the parties. *See* 7(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

**MOTION TO REMAND**

In the pending motion Mr. Pacheco asserts that Mr. Bemeu and U.S. Transport are indispensable to the resolution of the garnishment issues in case 17-cv-1309-RBJ. ECF No. 15 at 2. He asserts that joining them would destroy diversity of citizenship jurisdiction (because he

3

and, he claims, Mr. Bemeu and US Transport are citizens of Colorado), and that this would rule out joinder under Fed. R. Civ. P. 19(a). But he argues that the court should find that case cannot in equity and good conscience proceed without Mr. Bemeu and US Transport as provided in Fed. R. Civ. P. 19(b). *Id.* at 2-5. Accordingly, he asks that the case be remanded to the state court under 28 U.S.C. §1447(e). *Id.* at 2-5. *Id.* at 8.

In response Sparta begins by asserting that the motion to remand was untimely. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). The motion to remand here was filed on the 31st day after the notice of removal was filed. But generously construed, one could interpret the motion to remand as, in effect, a challenge to this Court's subject matter jurisdiction. Also, neither party addresses whether the 30-day period is expanded by three days under Rule 6(d). The Court gives plaintiff and his lawyers the benefit of the doubt and determines that the motion to remand was timely.

I do not, however, agree that this Court lacks jurisdiction. Setting aside possible diversity of citizenship jurisdiction for the moment, I find that this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. I begin with the observation that it is highly unlikely that there is coverage under the terms of the Sparta policy other than under a special endorsement called the MCS-90 endorsement. If it is true, as Sparta asserts (and no one has denied), that neither Mr. Bemeu nor his employer, US Transport, notified Sparta of Mr. Pacheco's claim in the underlying case until after judgment had been entered against Mr. Bemeu, I do not envision a path by which plaintiff could successfully argue that coverage exists apart from the MCS-90.

4

Plaintiff's counsel essentially acknowledged during the initial Scheduling Conference on September 27, 2017 that insurance coverage here turns on the MCS-90 endorsement.

Motor carriers such as US Transport are required by Congress and regulations promulgated by the Federal Motor Carrier Safety Administration to obtain insurance covering judgments against them for damages caused by the carrier's negligence. *See Carolina Cas. Ins. Co. v. Yeats*, 504 F3d 868, 873-74 (10th Cir. 209) ("The MCA and the subsequent regulations promulgated by the Federal Motor Carrier Safety Administration (FMCSA) require interstate motor carriers to obtain 'a special endorsement . . . providing that the insurer will pay within policy limits any judgment recovered against the insured motor carrier for liability resulting from the carrier's negligence, whether or not the vehicle involved in the accident is specifically described in the policy."); *Empire Fire and Marine Ins. v. Guaranty National Ins. Co.*, 868 F.2d 357, 362 (10th Cir. 1989) (the ICC developed the form endorsement to assure compliance with its regulations and Congress's mandate)). [2] Because the endorsement is the result of a federal mandate, most if not all federal courts that have addressed the issue have held that federal law governs the operation and effect of this endorsement. *See, e.g., John Deere Ins. Co. v. Nueva,* 229 F.3d 853, 856 (9th Cir. 2000); *Carter v. Vangilder,* 803 F.2d 189, 191 (5th Cir. 1989); *Ford Motor Co. v. Transport Indemnity Co.,* 795 F.2d 538, 544 (6th Cir. 1986); *Carolina Casualty Co. v. Ins. Co. of North America,* 595 F.2d 128, 135-39 (3d Cir. 1979; *Armstrong v. U.S. Fire Ins.*

---

[2] *Yeats,* an en banc decision, vacated the holding of *Empire* and established as Tenth Circuit law that "the MCS-90 endorsement only applies where (1) the underlying insurance policy to which the endorsement is attached does not provide coverage for the motor carrier's accident, and (2) the motor carrier's insurance coverage is either not sufficient to satisfy the federally –prescribed minimum levels of financial responsibility or is non-existent. 584 F.3d at 871. For present purposes I am assuming that requirements are met in the present case. I cite these cases here only because they implicitly support the proposition that federal law governs the interpretation and application of the endorsement.

*Co.*, 606 F.Supp. 2d 794, 820 (E.D. Tenn. 2009) ("[V]irtually all jurisdictions to consider the question have concluded that the interpretation of the MCS-90 is a matter of federal law.").

Plaintiff cites *McCloy v. Larew,* No. 1:12CV166, 2013 WL 1962314 (N.D. W. Va. May 10, 2013) and *Atlantic Cas. Ins. Co. v. United Tours, Inc.,* No. 3:12CV680, 2013 WL 2389887 (E.D. Va. May 30, 2013). Those cases did not hold that the effect and application of the MCS-90 endorsement is not a matter of federal law. Rather, they noted that the MCS-90 endorsement is triggered only if the court determines that coverage is not otherwise available under the policy, and thus the argument based on the MCS-90 endorsement was essentially premature. *See McCloy,* 2013 WL 1962314 at **4-5; *Atlantic Cas. Ins. Co.,* 2013 WL 2389887 at *4 ("Federal law governs the interpretation of the federally mandated terms in the MCS-90B Endorsement, but the mere presence of a federal element is not enough to establish federal jurisdiction. Here, the endorsement is not triggered unless coverage is lacking under the liability provision of the policy.") (internal citation omitted).

In the present case it is all but certain that there is no coverage other than what might be provided by the MCS-90 endorsement. The legal issue in this case, as I see it, is whether the judgment against Mr. Bemeu triggers the MCS-90 endorsement even though US Transport was not named a defendant and is not expressly the subject of the judgment. That is a question for another day. But I hold in the circumstances of this case that the need to interpret and apply the MCS-90 endorsement is sufficient to establish federal jurisdiction.

Even were there not federal question jurisdiction, however, I would find that there is diversity of citizenship jurisdiction. A garnishment is not simply ancillary or supplemental to the underlying action; rather, it is a civil action of its own, capable of being removed to federal court.

*See Garcia v. Century Surety Co.,* 71 F.Supp.3d 1184, 1186-88 (D. Colo. 2014). As I noted above, the legal issue here is whether the judgment against Mr. Bemeu triggers the MCS-90 endorsement even though the judgment was not entered against US Transport. I do not understand why that legal issue cannot be resolved without making Mr. Bemeu and US Transport parties to case no. 17-cv-1309-RBJ.

Regardless, even if plaintiff were right that Mr. Bemeu and US Transport should be joined as parties to the garnishment action, but that joinder would be infeasible due to the alleged destruction of diversity jurisdiction, the Court still has to decide under Rule 19(b) whether "in equity and good conscience" the case should proceed without out them or should be remanded. Because Mr. Bemeu and US Transport have been named as parties' in Sparta's related declaratory judgment lawsuit, which has been consolidated with this case, they will have the opportunity to be heard. The equities of the situation suggest that case no. 17-cv-1309 can proceed without them without compromising anyone's rights, and that resolving the coverage issue in one forum is more sensible and fair to all concerned than having two different courts addressing the same issue and, potentially, reaching inconsistent results.

## ORDER

For the reasons stated, the motion to join and remand, ECF No. 15, is denied.

DATED this 28th day of September, 2017.

                                              BY THE COURT:

                                              _____
                                              R. Brooke Jackson
                                              United States District Judge